## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **CHRISTOPHER BURTON** : | |
| **16 Amicus Street** : | |
| **Taneytown, Maryland 21787** : | |
| : | |
| : | **Case No.** |
| **Plaintiff,** : | |
| : | |
| : | **JURY DEMAND** |
| : | |
| **v.** : | |
| : | |
| **STATE OF MARYLAND** : | |
| **DEPARTMENT OF SAFETY** : | |
| **AND CORRECTIONAL SERVICES** : | |
| **300 E. Joppa Road, Suite 1000** : | |
| **Baltimore, Maryland 21286** : | |
| **SERVE:** : | |
| **Brian Frosh** : | |
| **Attorney General** : | |
| **200 St. Paul Place, 16ᵗʰ Fl.** : | |
| **Baltimore, Maryland 21202** : | |
| : | |
| **Defendant.** : | |

## COMPLAINT

Plaintiff, Christopher Burton, by and through his attorneys, Corlie McCormick Jr., Esq. and the McCormick Law Firm, LLC files this Complaint and hereby alleges and states:

### Nature of this Action

1. This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§2000e, *et. seq* and the State of Maryland Fair Employment

Practices Act ("FEPA"), Md. Code Ann., St. Gov't, §20-601, *et. seq*.

2.  This action is brought by the Plaintiff, Christopher Burton due to unlawful retaliation for engaging in protected activity.  The retaliation alleged herein was perpetrated against the Plaintiff by Defendant, State of Maryland Department of Public Safety and Correctional Services ("DPSCS"), in violation of state and federal law.  Plaintiff seeks declaratory relief, back pay, front pay, compensatory and general damages, punitive damages, reasonable attorney's fees, costs and expenses of this action, and such other and further relief as law and justice allow.

## Jurisdiction and Venue

3.  This Court has jurisdiction under 28 U.S.C. §1331, and 28 U.S.C. §1343.

4.  Venue is proper in this District under 28 U.S.C. §1391.

## Parties

5.  Plaintiff, Christopher Burton is an African American, adult, American citizen of Taneytown, Maryland, residing at 16 Amicus Street, Taneytown, Maryland 21787. At all relevant times, Plaintiff resided in Maryland and was employed by Defendant, DPSCS.

6.  Defendant, DPSCS is a Maryland State Agency.  DPSCS employs more than fifteen ("15") persons and has offices at 300 E. Joppa Road, Suite 1000 Baltimore, Maryland 21286.

### Exhaustion of Administrative Remedies

7. All applicable administrative and procedural prerequisites have been satisfied.  On September 20, 2017, Plaintiff filed timely charges with the Equal Employment Opportunity Commission ("EEOC").  On February 7, 2019, the EEOC's Baltimore, Maryland District Office issued a Notice of Right to sue.  Plaintiff received the notice through counsel on February 13, 2019.  This Complaint is filed within 90 days of the receipt of the Notice of Right to Sue.

### Facts Common to All Counts

8. Plaintiff was hired by Defendant in 2012 as a Detective Provisional.

9. Upon completion of his probationary period, Plaintiff obtained a promotion to the position of Detective Sergeant in the DPSCS Internal Investigations Division ("IID").  As of February 17, 2016, Plaintiff held the position of IID Detective Sergeant.

10. On February 17, 2016, Plaintiff accepted a voluntary assignment to assist in an interdiction at Brockbridge Pre-Release Facility ("BPRF") which was to be conducted by the Contraband Interdiction Team, the Special Operations Group, and the K9 Unit.

11. On prior visits to the correctional facility, African American inmates had warned Plaintiff that the Caucasian Correctional officers in the facility regularly attacked African American inmates but he had not previously witnessed it himself.

12. On February 17, 2016, at approximately 8:50am, Mr. Burton observed two

Caucasian corrections officers (Officer #1 and Officer #2), without provocation, choke and punch an African American inmate in a bathroom during the interdiction. One of the officers caused the inmate to fall to the floor while performing a chokehold on the inmate.  When the officers escorted the inmate from the bathroom, Plaintiff observed that the inmate had blood on his shirt.

13. The inmate was rushed to University of Maryland Medical Center's Shock Trauma Unit as a result of the injuries he suffered at BPRF.  He was evaluated and treated for his injuries which included facial features which were positive for trauma, blunt chest trauma, blunt trauma to the abdomen, neck pain, disoriented pupils, swelling of the skull, and a hematoma on the right side of his forehead.

14. The Plaintiff reported the discriminatory use of excessive force to his supervisors on the same date.

15. On the date of the incident, the two officers involved in the incident at BPRF falsely reported that the officers used force against the inmate because the inmate "attempted to strike" the officers "with a clinched fist."

16. On February 18, 2016, in an order signed by Maj. Charles Mitchell, the inmate was placed in Administrative Segregation pending a hearing on charges that he assaulted the officers.

17. Plaintiff was interviewed regarding the incident by Det. Nichols.

18. During his interview, Plaintiff informed Detective Nichols that he observed two White officers attacking a Black inmate.  Upon Plaintiff's report of the incident and race of the victims, Detective Nichols asked whether Plaintiff, who is African

American, believed he had been unfairly treated by his Caucasian colleagues, which is unrelated to the discrimination and excessive force he witnessed at BPRF.

19. DPSCS initiated several investigations related to the February 17, 2016 excessive force incident.

20. At the conclusion of the investigation into the officers' excessive force, IID Det. Sgt. Kandace Mills completed and signed the report of the investigation of one of the two officers on March 25, 2016.  In her report, Det. Sgt. Mills "sustained" a litany of excessive force, false reporting, and personal conduct charges against Officer #1.  However, the report of the investigation was signed and closed by Det. Sgt. Mills' supervisors on October 10, 2017.  Though the charges were sustained, Officer #1 was not subjected to discipline for engaging in excessive force, falsely reporting the incident, or any of the other charges.

21. It is unclear whether the second officer involved in the incident was ever investigated for his involvement in the excessive force incident.  However, Officer #2 was not disciplined for the incident and Det. Sgt. Mills knew Officer #2 for approximately nine ("9") years at the time she investigated Officer #1.

22. Defendant filed administrative charges against Plaintiff on April 20, 2016 and on August 8, 2017.  The August 8, 2017 charges asserted that Plaintiff should be disciplined because of his report of the February 17, 2016 excessive force incident. The 2017 version of the disciplinary charges contended that Plaintiff's report did not adequately identify the officers participating in the incident, contended that Plaintiff was responsible for Defendant's decision to file criminal charges for

excessive force against the officers in February 2017, and contended that the charges
should not have been filed against the Officers.

23. Defendant also suspended Plaintiff on August 8, 2017.

24. Plaintiff was reassigned to a location nearly an hour from his original post during
his suspension.

25. On September 20, 2017, Plaintiff filed charges of discrimination at the Equal
Employment Opportunity Commission ("EEOC") against DPSCS.

26. On March 28, 29, and April 17, 2018, an Administrative Hearing Board ("AHB")
held a hearing on the disciplinary charges against Plaintiff.  At the conclusion of the
proceeding, the AHB recommended termination.

27. On May 21, 2018, Defendant terminated Plaintiff's employment.   Plaintiff's
employment was terminated because he opposed two Caucasian officers'
discriminatory use of excessive force against an African American inmate, because
Plaintiff participated in the investigation against the officers, and because he filed
charges of retaliation against the Defendant and not for any legitimate reason.

## Causes of Action

## COUNT I: RETALIATION IN VIOLATION OF 42 USC§2000e, et. seq.

28. Plaintiff incorporates by reference and re-alleges each and every averment in all
prior paragraphs of this Complaint with the same force and vigor as if fully set forth
herein.

29. Plaintiff, a law enforcement officer, observed and reported an incident of
discriminatory excessive force while on duty at a correctional facility.  Defendant

filed charges against Plaintiff for reporting the incident and did not discipline the officers using excessive force.  On September 20, 2017, Plaintiff filed Charges of Discrimination with the EEOC. Because Plaintiff opposed the discriminatory use of excessive force, participated in the investigation of excessive force, and filed charges of discrimination against Defendant, Defendant took disciplinary actions against Plaintiff, including termination.  Defendant engaged in the above stated actions in violation of their policies, all in retaliation for Plaintiff's complaints of race based discrimination and complaint of retaliation.

30. As a result of the acts described herein, Plaintiff has suffered loss of pay and benefits, including retirement benefits, pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

31. Defendant's actions described herein constitute illegal retaliation because Plaintiff reported race based discrimination made unlawful by 42 USC§2000e, *et. seq.* Defendant terminated Plaintiff and subjected Plaintiff to a retaliatory suspension because Plaintiff reported unlawful discrimination and Plaintiff would have been treated differently if he had not reported Defendant's discriminatory practices perpetrated by Defendant's employees. Defendant's retaliatory actions against Plaintiff constitutes intentional, willful, malicious, and flagrant violations of the Plaintiff's rights and a wanton disregard for Plaintiff's well-being and welfare, as to warrant compensatory damages, punitive damages, back pay, front pay, attorneys' fees, expenses, costs, and such other and further relief as the Court deems just.

## COUNT II: RETALIATION IN VIOLATION OF MD. CODE ANN., ST. GOV'T, §20-601, et. seq.

32. Plaintiff incorporates by reference and re-alleges each and every averment in all prior paragraphs of this Complaint with the same force and vigor as if fully set forth herein.

33. Plaintiff, a law enforcement officer, observed and reported an incident of discriminatory excessive force while on duty at a correctional facility.  Defendant filed charges against Plaintiff for reporting the incident and did not discipline the officers using excessive force.  On September 20, 2017, Plaintiff filed Charges of Discrimination with the EEOC. Because Plaintiff opposed the discriminatory use of excessive force, participated in the investigation of excessive force, and filed charges of discrimination against Defendant, Defendant took disciplinary actions against Plaintiff, including termination.  Defendant engaged in the above stated actions in violation of their policies, all in retaliation for Plaintiff's complaints of race based discrimination and complaint of retaliation.

34. As a result of the acts described herein, Plaintiff has suffered loss of pay and benefits, including retirement benefits, pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

35. Defendant's actions described herein constitute illegal retaliation because Plaintiff

reported race based discrimination made unlawful by Md. Code Ann., St. Gov't, §20-601, *et. seq.* Defendant terminated Plaintiff and subjected Plaintiff to a retaliatory suspension because Plaintiff reported unlawful discrimination and Plaintiff would have been treated differently if he had not reported Defendant's discriminatory practices perpetrated by Defendant's employees. Defendant's retaliatory actions against Plaintiff constitutes intentional, willful, malicious, and flagrant violations of the Plaintiff's rights and a wanton disregard for Plaintiff's well-being and welfare, as to warrant compensatory damages, punitive damages, back pay, front pay, attorneys' fees, expenses, costs, and such other and further relief as the Court deems just.

## COUNT III: RETALIATORY HARASSMENT IN VIOLATION OF 42 USC§2000e, et. seq.

36. Plaintiff incorporates by reference and re-alleges each and every averment in all prior paragraphs of this Complaint with the same force and vigor as if fully set forth herein.

37. Plaintiff, a law enforcement officer, observed and reported an incident of discriminatory excessive force while working at BPRF, a correctional facility. Defendant filed charges against Plaintiff for reporting the incident, subjected Plaintiff to unfavorable assignments, subjected Plaintiff to unwarranted investigations, and discipline including suspension and termination and did not discipline the officers using excessive force. On September 20, 2017, Plaintiff filed Charges of Discrimination with the EEOC. Because Plaintiff opposed the

discriminatory use of excessive force, participated in the investigation of excessive force, and filed charges of discrimination against Defendant, Defendant took disciplinary actions against Plaintiff, including termination. Defendant engaged in the above stated actions in violation of their policies, all in retaliation for Plaintiff's complaints of race based discrimination and because Plaintiff filed charges of discrimination.

38. As a result of the acts described herein, Plaintiff has suffered loss of pay and benefits, including retirement benefits, pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

39. Defendant's actions described herein constitute illegal retaliation because Plaintiff reported race based discrimination made unlawful by 42 USC§2000e, et. seq. Defendant and it employees have engaged and continue to engage in unwelcome conduct, which is severe and pervasive intentional harassment in retaliation for Plaintiff's report of unlawful discrimination and retaliation. Plaintiff would have been treated differently if he had not reported Defendant's discriminatory practices. Defendant's retaliatory actions constitute intentional, willful, malicious, and flagrant violations of the Plaintiff's rights and a wanton disregard for Plaintiff's well-being and welfare, as to warrant compensatory damages, punitive damages, back pay, front pay, attorneys' fees, expenses, costs, and such other and further relief as the Court deems just.

## COUNT IV: RETALIATORY HARASSMENT IN VIOLATION OF MD. CODE ANN., ST. GOV'T, §20-601, et. seq.

40. Plaintiff incorporates by reference and re-alleges each and every averment in all prior paragraphs of this Complaint with the same force and vigor as if fully set forth herein.

41. Plaintiff, a law enforcement officer, observed and reported an incident of discriminatory excessive force while working at BPRF, a correctional facility. Defendant filed charges against Plaintiff for reporting the incident, subjected Plaintiff to unfavorable assignments, subjected Plaintiff to unwarranted investigations, and discipline including suspension and termination and did not discipline the officers using excessive force.  On September 20, 2017, Plaintiff filed Charges of Discrimination with the EEOC. Because Plaintiff opposed the discriminatory use of excessive force, participated in the investigation of excessive force, and filed charges of discrimination against Defendant, Defendant took disciplinary actions against Plaintiff, including termination.  Defendant engaged in the above stated actions in violation of their policies, all in retaliation for Plaintiff's complaints of race based discrimination and because Plaintiff filed charges of discrimination.

42. As a result of the acts described herein, Plaintiff has suffered loss of pay and benefits, including retirement benefits, pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

43. Defendant's actions described herein constitute illegal retaliation because Plaintiff reported race based discrimination made unlawful by Md. Code Ann., St. Gov't, §20-601, et. seq. Defendant and its employees have engaged and continue to engage in unwelcome conduct, which is severe and pervasive intentional harassment in retaliation for Plaintiff's report of unlawful discrimination and retaliation.  Plaintiff would have been treated differently if he had not reported Defendant's discriminatory practices. Defendant's retaliatory actions constitute intentional, willful, malicious, and flagrant violations of the Plaintiff's rights and a wanton disregard for Plaintiff's well-being and welfare, as to warrant compensatory damages, punitive damages, back pay, front pay, attorneys' fees, expenses, costs, and such other and further relief as the Court deems just.

**WHEREFORE**, Plaintiff respectfully requests the following:

1.  An order finding and declaring that Defendant engaged in unlawful retaliation and retaliatory harassment against Plaintiff;

2.  All wages and benefits that Plaintiff would have received but for Defendant's discrimination and retaliation, including pre-judgment interest;

3.  Front pay;

4.  Compensatory and general damages according to proof, including, but not limited to pain and suffering arising from the humiliation, embarrassment, and anguish Plaintiff was put through, including costs for medical/health care treatment because of Defendant's retaliation;

5.  Punitive damages according to proof;

6.  Reasonable attorneys' fees and costs of this action;

7.  Such other relief as the Court may deem just and proper.

Dated: May 7, 2019                    Respectfully submitted,

                                      **MCCORMICK LAW FIRM, LLC**

                                      _____/s/_____

                                      Corlie McCormick Jr.
                                      McCormick Law Firm, LLC
                                      1125 West Street, Suite 200
                                      Annapolis, Maryland 21401
                                      (410) 216-3424
                                      (410) 216-5307
                                      Corlie@McCormickFirm4Justice.com
                                      Fed. Bar No. 28143
                                      Counsel for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury as to all issues so triable.